NOT FOR PUBLICATION                          OCT 15 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANGRONG HE, | No. 06-71424 |
| Petitioner, | Agency No. A097-856-065 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[**]

Petitioner Changrong He, a native and citizen of China, petitions for review

of the decision of the Board of Immigration Appeals ("BIA"), which summarily

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

affirmed the finding of the immigration judge ("IJ") that petitioner was not credible. We deny the petition.

The Court reviews the IJ's decision when the BIA affirms the IJ without an opinion of its own. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). The IJ's credibility determinations are reviewed for substantial evidence, *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010), and may be reversed only if the evidence petitioner presented was "so compelling that no reasonable fact finder could find that [petitioner] was not credible." *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)) (internal quotation marks omitted); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . ."). In this pre-REAL ID Act case, so long as one of the grounds the IJ identified in support of the adverse credibility determination is supported by substantial evidence and goes to the heart of petitioner's claim of persecution, the adverse credibility finding will be upheld. *See Cortez-Pineda*, 610 F.3d at 1124 (citing *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004)).

In this case, the IJ primarily based his adverse credibility finding on petitioner's omission from her asylum application that she was employed in China

2

by Voice of Asia, a car audio company, and that petitioner had come to the United States on Voice of Asia's behalf to conduct business with a company called Clarion. This omission calls into question whether petitioner experienced the persecution she alleged the Chinese government perpetrated against her, and thus goes to the heart of petitioner's claim of persecution. Substantial evidence supports the IJ's adverse credibility determination and the evidence does not compel a contrary conclusion.

Because at least one of the grounds the IJ identified in support of his adverse credibility determination was supported by substantial evidence and went to the heart of petitioner's claim of persecution, the petition is **DENIED**.